# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HOLLOMON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO, by and through the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a public entity; DEPUTY SEAN ZAPPIA, an individual, DEPUTY CHRISTOPHER NEUFELD, an individual, DEPUTY SHERIFF JOHN MALAN, an individual, SERGEANT DAVID BUETHER, an individual, and DOES 1-50; <br><br> Defendants. | Case No.: 3:18-CV-00528-L-NLS <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF No. 22]** |

Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion has been fully briefed and is ready for disposition. After reviewing the pleadings, the Court shall decide this matter without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, Defendants' motion to dismiss for failure to state a claim is **GRANTED**.

/ / /

## I. BACKGROUND

On March 15, 2017, Plaintiff Daniel Hollomon ("Plaintiff" or "Hollomon") visited the Pala Casino. Doc. 18 at 7. After being asked to leave the casino's premises for his drunken behavior, Hollomon began to walk down a "dirt area" near Route 76 while waiting for his wife to pick him up. *Id.* Approximately one-half mile from the casino, Hollomon was stopped and detained by Defendants Deputies John Malan ("Malan") and Christopher Neufeld ("Neufeld"). *Id.* Plaintiff alleges that the deputies used excessive force in detaining him and dragging him to the ground after Plaintiff asked why he was being detained. *Id.* at 7-8. During the struggle, Defendant Deputy Sean Zappia ("Zappia") (all Defendant deputies hereinafter referred to together as "Defendants"), a K-9 officer, ordered his police dog to attack Plaintiff, and the dog bit Plaintiff's face, ears, neck and upper arms, while Zappia punched and kneed Plaintiff. *Id.* at 8. Plaintiff alleges that he eventually rolled onto his stomach, placed his face in the dirt, and protected himself from the dog's attack by shielding his head and neck area with his arms. *Id.* Plaintiff alleges that Defendant Sergeant David Buether ("Buether") arrived at the scene and conspired with the Defendant deputies to charge Plaintiff with resisting an executive officer and harm to or interference with a police animal. Doc. 18 at 9. Plaintiff claims that he was "unarmed, passive, hand-cuffed and attempted to comply with all of the demands being made of him" at all times during the incident. Plaintiff further alleges that the incident left him scarred, bleeding, dazed and in pain after being bitten over his body, and he suffered injuries to the point of requiring medical treatment. *Id.* After the incident, Plaintiff was arrested for violating California Penal Code section 647(f) (Drunk in Public). *Id.* at 2.

On March 23, 2017, Plaintiff was arraigned in San Diego Superior Court (North County Division) for violating California Penal Code sections 69 (Resisting an Executive Officer), a felony, and 600(a) (Harm to or Interference with a Police Animal), a misdemeanor. Doc. 18 at 2. On January 30, 2018, the state court reduced Plaintiff's felony charge to a misdemeanor based on the evidence presented at his preliminary hearing. *Id.* On August 1, 2018, a jury found Plaintiff guilty of California Penal Code section 148(a)(1)

(Resisting, Delaying, or Obstructing a Peace Officer (to wit: Deputy Neufeld)), a lesser included offense of Penal Code section 69. *Id.*; *see* Doc. 22-1 at 10.

Plaintiff claims that Zappia was "untruthful in his report about events leading to the release of the dog and his statements that [Plaintiff] placed [the dog] in a headlock, and rolled over on top of him, and punched [the dog] in the face." Doc. 18 at 8. Further, Plaintiff alleges that Malan and Neufeld were "untruthful in their reports regarding their initial contact with [Plaintiff]. They indicated that [Plaintiff] took an aggressive stance and became hostile with them when they approached him." *Id.* Plaintiff also claims that, although Malan and Neufeld claimed that Hollomon was traveling westbound on Route 76 and was in danger of being struck by a vehicle, Plaintiff was in fact traveling on a dirt path along Route 76 and therefore was in no danger. *Id.*

Plaintiff alleges that the Sheriff's Department and "its officers, detectives, supervisors and high ranking officials with the authority and ability to set forth and enforce [the Department's] policy and procedure . . . created and implemented unwritten official policies, customs, and practices that permitted and encouraged its agents, employees, and co-conspirators to deny Plaintiff his rights to equal protection under the law and to due process of law, his right to be free from unreasonable searches and seizures, and other rights guaranteed under the United States and California Constitutions, as well as statutory and common law rights[.]" Doc. 18 at 10. Specifically, in his Amended Complaint, Plaintiff alleged the following causes of action: Assault, Battery, False Arrest, False Imprisonment, Violation of California Civil Code section 52.1, Violation of 42 U.S.C. section 1983, Negligence, and Intentional Infliction of Emotional Distress. *Id.* at 12-22.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss Plaintiff's Amended Complaint in its entirety under the *Heck*[1] doctrine. *See*

---

[1] *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Doc. 22-1. Also, Defendants move dismiss Plaintiff's negligence claim against Defendant Buether. *See id.*

## II. DISCUSSION

### A. Rule 12(b)(6)

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). Even if doubtful in fact, factual allegations are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citations omitted). On the other hand, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

Generally, the Court does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, the allegations "must be enough to raise a right to relief above the speculative level." *Id.* Thus, "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### B. Judicial Notice

Generally, the Court may not consider material outside of the pleadings in a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, there are two exceptions to this rule: courts may (1) consider material properly submitted with the complaint; or (2) may take judicial notice of "matters of public record" pursuant to Rule 201 of the Federal Rules of Evidence. *Id.* at 688-689 (quoting *Mack v. South Bay Beer Distrib.,* 798 F.2d 1279, 1282). Court proceedings and filings are properly subject to judicial notice if "those proceedings have a direct relation to the matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Here, Defendants ask that the Court take judicial notice of the jury verdict in Plaintiff's underlying criminal case in state court. *See* ECF No. 22-1 at 4, 10. Plaintiff's conviction of violating Penal Code section 148(a)(1) is directly related to the matters at issue in this case. Therefore, Defendants' request for judicial notice is **GRANTED.**

### C. 42 U.S.C. § 1983 Claim

Defendants contend that Plaintiff cannot seek damages under 42 U.S.C. § 1983 because a judgment in Plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence." Doc. 22-1 at 5 (citing *Heck*, 512 U.S. at 487). Plaintiff contends that his section 148(a)(1) conviction does not bar his section 1983 claim because his

conviction and the section 1983 claim are based on separate actions during "one continuous transaction." Doc. 23 at 6 (citing *Hooper v. Cty. of San Diego*, 629 F.3d 1127 (9th Cir. 2011).

In *Heck*, the Supreme Court found that civil tort actions for damages under section 1983 are not the appropriate vehicles to challenge the validity of outstanding criminal convictions. 512 U.S. at 486. The *Heck* court instructs that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction . . . if it would, the complaint must be dismissed[.]" *Id.*

However, in *Hooper*, the Ninth Circuit clarified *Heck* in holding that success in a § 1983 claim asserting excessive force was used during an arrest would not necessarily imply that the arrestee's conviction under §148(a)(1) was invalid. 629 F.3d at 1132-33. In *Hooper*, Deborah Hooper was detained on suspicion of petty theft by a loss prevention officer at a drug store. *Id.* at 1129. A San Diego deputy sheriff arrived later to take Hooper's and the loss prevention officer's statements. *Id.* After taking both statements, the deputy sheriff informed Hooper that he was going to search her vehicle, Hooper consented, and the deputy discovered a substance he believed to be methamphetamine as a result of the search. *Id.* The deputy sheriff attempted to place Hooper under arrest for possession of methamphetamine but she resisted and a struggle ensued. *Id.* Ultimately, the struggle resulted with Hooper on the ground with the deputy laying on her back as the deputy calling for backup. *Id.* The deputy got both of Hooper's hands behind her back and she stopped resisting upon the deputy's instruction to do so. *Id.* The deputy then called for his German Shephard dog which bit Hooper's head and tore of large portions of her scalp. *Id.* Hooper pled guilty to resisting a peace officer under California Penal Code § 148(a)(1). *Id.*

In *Hooper*, the plaintiff did not dispute the lawfulness of her arrest or that she resisted arrest. 629 F.3d at 1129. However, she contended that the arresting officer used excessive force in response to her resistance. *Id.* The *Hooper* court pointed out that success in a

section 1983 suit does not necessarily imply a conviction invalidity when there is a factual basis for being found guilty. *Id.* at 1130-31. Relying on *Yount v. City of Sacramento*, 43 Cal.4th 885 (2008), the Ninth Circuit clarified that a §1983 clam would not be *Heck*-barred by a conviction under § 148(a)(1) despite allegedly excessive force being used during a single, continuous chain of events because § 148(a)(1) does not require an officer's lawful and unlawful behavior to be divisible into discrete phases. *See id.* at 1131-32 ("[T]wo 'factual contexts' can exist during 'one continuous chain of events'—or, in the words of *Yount*, during 'one continuous transaction.'"). The *Hooper* court noted that many sister circuits that have state statutes similar to § 148(a)(1) have responded by allowing section 1983 claims when the plaintiff is asserting a lawful arrest occurred in an unlawful manner. *Id.* at 1133-34. The *Hooper* court found that "[a] holding Hooper's §1983 case that the use of the dog was excessive force would not negate the lawfulness of the initial arrest attempt or negate the unlawfulness of [Hooper's] attempt to resist it[.]" *Id.* (internal quotation marks and citation omitted). Therefore, the court concluded that Hooper's section 1983 excessive force claim was not *Heck*-barred based on her conviction under section 148(a)(1). *Id.* at 1134.

Here, Plaintiff's § 1983 claim is barred by *Heck* as he claims that his arrest was unlawful. The Amended Complaint alleges that Plaintiff resisted to protect himself from an unlawful arrest. Doc. 18 at 2. Plaintiff also claims his civil rights were violated when he was "wrongfully and unlawfully arrested." *Id.* at 18. In light of these allegations, the Court finds that Plaintiff's § 1983 claim is distinct for the claim evaluated in *Hooper* as Plaintiff challenges the lawfulness of his underlying arrest. Unlike *Hooper*, who conceded that her arrest was lawful and that she resisted a lawful arrest, Plaintiff contends his arrest was unlawful and justifies his resistance as a protective measure. This removes Plaintiff's claim from *Hooper* jurisprudence and in line with *Heck* in that Plaintiff's success on his § 1983 claim would require a finding that his § 148(a)(1) arrest was unlawful. However, "[f]or a § 148(a)(1) conviction to be valid, a criminal defendant must have 'resist[ed], delay[ed], or obstruct[ed]' a police officer in the *lawful* exercise of his duties. In California,

the lawfulness of the officer's conduct is an essential element[.]" *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (emphasis in original). As such, the Court finds that a finding for Plaintiff in his § 1983 claim would necessarily imply that Plaintiff's § 148(a)(1) conviction was invalid. Therefore, Plaintiff's § 1983 claim must be dismissed.

### D. State Law Claims

Defendants also contend that Plaintiff's state law claims must be dismissed because a finding in Plaintiff's favor would invalidate his conviction for resisting arrest. Doc. 22-1 at 6-7. The California Supreme Court makes no distinction between *Heck*'s bar of §1983 claims and state law claims based upon the same alleged misconduct. *See Yount*, 43 Cal.4th at 902. Like the *Yount* court, this Court finds that Plaintiff's state law claims are not barred to extent he does not deny he resisted officers or challenge his conviction. However, as pointed out above, Plaintiff claims his underlying arrest was unlawful and his resistance should be interpreted as protection. Accordingly, in light of judicial economy and the avoidance of conflicting resolutions, the Court's § 1983 analysis applies equally to Plaintiff's state law tort claims based on the same alleged misconduct—Assault, Battery, violation of Civil Code § 52.1, Negligence, and Intentional Infliction of Emotional Distress. Therefore, Plaintiff's state law tort claims must be dismissed.

### E. Leave to Amend Complaint

When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations omitted). The Court finds that the deficiencies in the Amended Complaint cannot be cured by amendment. Moreover, in his opposition, Plaintiff does not request leave to amend his Amended Complaint. Accordingly, the Court **DENIES** Plaintiff leave to amend his Amended Complaint.

/ / /

/ / /

### F. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. Leave to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure is **DENIED**. Once this order has been docketed, the Clerk's Office is instructed to close this case.

**IT IS SO ORDERED.**

Dated: August 19, 2019

Hon. M. James Lorenz
United States District Judge